# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KAREEM ABDUL PERSON,

        Petitioner,                 Case Number: 2:06-CV-13394

v.                                        HON. BERNARD A. FRIEDMAN

RAYMOND BOOKER,

        Respondent.
_____/

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING CERTIFICATE OF APPEALABILITY

Petitioner Kareem Abdul Person has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is a state inmate currently incarcerated at the Ojibway Correctional Facility in Marenisco, Michigan, pursuant to convictions for possession with intent to deliver between 50 and 224 grams of cocaine and felony firearm. He challenges the trial court's failure to credit him for time served while he was awaiting trial. For the reasons set forth below, the Court denies the petition.

## I. Background

On October 1, 2002, Petitioner pleaded guilty in Genesee County Circuit Court to possession with intent to deliver between 50 and 224 grams of cocaine and felony firearm. On July 29, 2003, he was sentenced to ten to twenty years imprisonment for the cocaine conviction to be served consecutively to two years imprisonment for the felony-firearm conviction.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, claiming that he was entitled to resentencing because the trial court failed to give him credit for time served while he was awaiting resolution of the drug-related charges. The court of appeals

denied leave to appeal, holding that Petitioner was not entitled to credit for time spent in jail awaiting resolution of the drug-related charges because he was on parole when he committed the drug-related offenses. People v. Person, No. 258255 (Mich. Ct. App. Feb. 22, 2005).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claim raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Person, No. 128182 (Mich. Aug. 30, 2005).

Petitioner then filed the pending petition for a writ of habeas corpus raising the following claim:

> Defendant is entitled to resentencing so that he can receive jail credit on this particular case.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review that a federal court must utilize when reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998).

2

Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1)[1]; *see also* Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

Williams v. Taylor, 120 S. Ct. 1495, 1519-20 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 1521. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application"

---

[1] 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

3

clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 1521-22.

### III. Discussion

Petitioner seeks habeas relief based upon the state court's determination that he was not entitled to sentencing credit for the time he was incarcerated awaiting disposition of his drug-related offenses. At the time he committed the drug-related offenses, Petitioner was on parole for manslaughter. The Michigan Court of Appeals held that the time Petitioner served in jail awaiting sentencing was properly credited to the manslaughter sentence rather than his drug-related sentence.

A state court's application of crediting statutes is a matter of state concern only. *See* Howard v. White, 76 Fed. App'x 52, 53 (6th Cir.2003). It is well-settled that state law issues are not cognizable on federal habeas review. *See* Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Moreover, under Michigan law, when a parolee is arrested for a new criminal offense, he is held on a parole detainer until he is convicted of that offense and is not entitled to credit for time served in jail on the sentence for the new offense. *See* Mich. Comp. Laws Ann. § 791.238(2); People v. Stewart, 203 Mich. App. 432, 433 (1994). Petitioner was on parole when he committed the offenses at issues in this case. Accordingly, the trial court's failure to credit Petitioner's sentence was in keeping with Michigan law. *See* Gora v. Romanowski, 2005 WL 3465725, *2 (E.D. Mich. Dec. 16, 2005).

## IV. Certificate of Appealability

Next, the Court addresses whether Petitioner is entitled to the issuance of a certificate of appealability. Before Petitioner may appeal the Court's dispositive decision denying his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court holds that jurists of reason would not find its conclusion that the petition should be denied to be debatable or wrong. Accordingly, the Court holds that Petitioner is not entitled to a certificate of appealability.

## V. Conclusion

Petitioner has not established that he is in the State of Michigan's custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

 s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Chief United States District Judge

Dated: April 10, 2008

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman